UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CAPITOL INDEMNITY CORPORATION** : <br> 1600 Aspen Commons : <br> Middleton, WI 53562 : <br> : <br> Plaintiff, : <br> : Case No.: 5:14-cv-822 <br> vs. : <br> : Judge: <br> **FIRST OHIO BANC & LENDING, INC.** : <br> 6100 Rockside Woods Blvd. : <br> Independence, OH 44131 : <br> : <br> and : <br> : <br> **KIRK DOSKOCIL** : <br> 2650 Barlow Road : <br> Hudson, OH 44236 : <br> : <br> and : <br> : <br> **ERIN DOSKOCIL** : <br> 2650 Barlow Road : <br> Hudson, OH 44236 : <br> : <br> Defendants. : | |

## COMPLAINT OF CAPITOL INDEMNITY CORPORATION

Plaintiff Capitol Indemnity Corporation ("CIC"), by and through counsel, and for its Complaint against the above named Defendants, hereby states as follows:

## PARTIES

1. Upon information and belief, defendant First Ohio Banc & Lending, Inc. ("First Ohio"), is an Ohio corporation with its principal place of business located at 6100 Rockside Woods, Blvd., Independence, OH 44131.

2. Upon information and belief, defendant Kirk Doskocil is an individual residing at 2650 Barlow Road, Hudson, OH 44236. Mr. Doskocil was and/or is the President of First Ohio.

1

3. Upon information and belief, defendant Erin Doskocil is an individual residing at 2650 Barlow Road, Hudson, OH 44236.

4. CIC is a corporation organized under the law of Wisconsin and is licensed to conduct business in the State of Ohio as a commercial surety.

## JURISDICTION AND VENUE

5. CIC restates and re-alleges the preceding paragraphs above as if fully rewritten herein.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a), in that the Plaintiff and Defendants are from different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

## FACTS COMMON TO ALL COUNTS

8. CIC restates and re-alleges the preceding paragraphs above as if fully rewritten herein.

9. First Ohio, at all relevant times herein, is and/or was a financial institution and mortgage broker as defined in R.C. §1322.01.

10. Pursuant to R.C. §1322.05, First Ohio was required to obtain a surety bond for the benefit of the State of Ohio.

11. On or about January 15, 2000, CIC, as surety, executed Bond No. LPO745411 (the "Bond") wherein First Ohio is principal and the Superintendent of Financial Institutions for the State of Ohio is obligee with a penal sum of Twenty-Five Thousand Dollars ($25,000.00).

12. Thereafter, CIC issued multiple riders that increased or decreased the penal sum of the Bond based upon the number of locations maintained by First Ohio.

13. On or about November 29, 2010, Mr. and Mrs. Doskocil (collectively referred to as the "Indemnitors") and First Ohio executed a General Indemnity Agreement (the "Indemnity

Agreement"). A true and accurate copy of the Indemnity Agreement is attached hereto and incorporated herein as Exhibit A.

14. Pursuant to the Indemnity Agreement, First Ohio and the Indemnitors agreed to indemnify and hold CIC harmless for any loss, cost or expense, including attorney fees, incurred by reason of having issued the Bond. Section 2 of the Indemnity Agreement, states:

> **Indemnification.** The Undersigned shall and will at all times defend, when requested by the Surety to do so, and shall and will indemnify and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses and fees including any attorneys' fees whatsoever, and for and from any and all liability therefore, sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bond(s), or any other Bond(s), which maybe already or hereafter are executed for or at the request of the Principal or the Undersigned or any of them, or renewal or continuation thereof; or sustained or incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, recovering or attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the agreements herein contained. Payment of amounts due Surety hereunder together with pre and post judgment interest at the then legal rate shall be payable upon demand.

15. On or about January 6, 2011, CIC was named a defendant in the lawsuit styled *Lynn A. Strickler, et al., vs. First Ohio Banc & Lending, Inc.*, which is currently pending before the Lorain County Court of Common Pleas in case number 07-CV-151964 (the "Pending Litigation").

16. The Complaint in the Pending Litigation alleges that First Ohio violated various provisions R.C. §1322 and that the plaintiffs are entitled to recover damages from CIC by reason of having issued the Bond.

17. Due to the claims asserted against it in the Pending Litigation, CIC faces potential liability under the Bond in an amount that exceeds $75,000.00, exclusive of interest or costs.

18. On or about January 21, 2013, CIC made demand upon First Ohio and the Indemnitors to reimburse CIC for the attorney fees and expenses it has incurred in the Pending Litigation in accordance with the Indemnity Agreement.

19. To date, First Ohio and the Indemnitors have failed and/or refused to comply with their obligations under the Indemnity Agreement and reimburse CIC for the attorney fees and expenses that it has incurred in the Pending Litigation.

20. CIC has incurred, and will continue to incur losses, costs, and expenses, including attorney fees, by reason of having issued the Bond until this matter is fully resolved.

## COUNT I - CONTRACTUAL INDEMNIFICATION

21. CIC restates and re-alleges the preceding paragraphs as if fully rewritten herein.

22. Pursuant to the Indemnity Agreement, First Ohio and the Indemnitors are required to indemnify and hold CIC harmless from and against any loss, cost, and expense, including attorney fees, that it has incurred and may continue to incur by reason of having issued the Bond.

23. To date, First Ohio and the Indemnitors have failed and/or refused to perform their obligations in accordance with the express terms of the Indemnity Agreement.

24. As a direct and proximate result of First Ohio and the Indemnitors' breach of the Indemnity Agreement, CIC has incurred costs, expenses and attorney fees, and will continue to incur costs, expenses, and attorney fees until this matter is resolved. Further, CIC faces potential liability in the Pending Litigation by reason of having issued the Bond.

25. CIC is entitled to an Order requiring First Ohio and the Indemnitors to immediately indemnify it and hold it harmless from and against any loss, cost or expense, including attorney fees, that it has or may incur by reason of having issued the Bond.

## COUNT II - COMMON LAW INDEMNIFICATION

26. CIC restates and re-alleges the preceding paragraphs as if fully rewritten herein.

27. Pursuant to the Bond, CIC is surety and First Ohio is principal.

28. Under the common law of the State of Ohio, First Ohio, as principal, is obligated to indemnify CIC, its surety, for all losses incurred by reason of having issued the Bond.

29. CIC faces potential liability to the plaintiffs in the Pending Litigation by reason of having issued the Bond.

30. In the event that CIC is deemed liable to the plaintiffs in the Pending Litigation, First Ohio is obligated to indemnify and reimburse CIC in a like amount.

## COUNT III - SPECIFIC PERFORMANCE OF THE INDEMNITY AGREEMENT

31. CIC restates and re-alleges the preceding paragraphs as if fully rewritten herein.

32. CIC is a defendant in the Pending Litigation by reason of having issued the Bond.

33. In order to defend the claims asserted against it in the Pending Litigation, CIC has incurred, and will continue to incur, losses and costs, in the form of attorney fees and expenses.

34. Pursuant to Section 2 of the Indemnity Agreement, First Ohio and the Indemnitors agreed, among other things, to:

> [I]ndemnify, and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses and fees including attorneys' fees whatsoever, and for and from any and all liability […] sustained incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith…

35. Despite due demand, First Ohio and the Indemnitors have failed and/or refused to indemnify and reimburse CIC for the attorney fees and expenses that it has incurred and will continue to incur by reason of defending the claims asserted against it in the Pending Litigation.

36. CIC is entitled to an Order requiring First Ohio and the Indemnitors to specifically perform their obligations under the Indemnity Agreement, including, but not limited to, their obligation to indemnify CIC and reimburse it for any and all attorney fees and expenses that it has incurred, and may continue to incur, by reason of defending the claims asserted against it in the Pending Litigation.

37. CIC lacks an adequate remedy at law and will suffer irreparable harm if the relief sought is not granted.

## COUNT IV - QUIA TIMET

38. CIC restates and re-alleges the preceding paragraphs above as if fully rewritten herein.

39. CIC made demand upon First Ohio to comply with its obligations under the Indemnity Agreement and reimburse CIC for the attorney fees and expenses it has incurred in the Pending Litigation.

40. First Ohio has failed to respond to CIC's January 21, 2013, demand letter or otherwise comply with its obligations under the Indemnity Agreement.

41. Due to First Ohio's continued failure and/or refusal to comply with its obligations under the Indemnity Agreement, CIC fears that it will suffer further losses, costs and expenses by reason of having issued the Bond.

42. Pursuant to the common law doctrine of *quia timet*, CIC, as surety, is entitled to funds from First Ohio, its principal, in an amount sufficient to protect it from anticipated future injury and losses.

WHEREFORE, CIC prays for judgment as follows:

1. As to Count One, an Order requiring First Ohio and the Indemnitors to reimburse, indemnify and hold CIC harmless for any and all loss, costs and expense,

including attorney fees, it has or may continue to incur by reason of having issued the Bond, plus pre- and post- judgment interest at the statutory rate;

2. As to Count Two, an Order requiring First Ohio to reimburse and indemnify CIC for any and all losses it has or may continue to incur by reason of having issued the Bond;

3. As to Count Three, an Order requiring First Ohio and the Indemnitors to immediately indemnify and reimburse CIC for the attorney fees and expenses that it has incurred and will continue to incur by reason of having issued the Bond and defending the claims asserted against it in the Pending Litigation;

4. As to Count Four, an Order granting CIC any and all appropriate relief under the doctrine of q*uia timet*;

5. CIC further prays for interest on any sums awarded by this Court, the costs of the within action; and

6. Any other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ Lee M. Brewer
Lee M. Brewer (0041287)
Justin D. Owen (0086212)
ALBER CRAFTON, PSC
501 W. Schrock Rd., Suite 104
Westerville, OH 43081
Telephone: (614) 890-5632
Facsimile: (614) 890-5638
E-mail: lbrewer@albercrafton.com
jowen@albercrafton.com
*Counsel for Capitol Indemnity Corporation*

O:\Docs\1371\024\COMPLAIN\OH059809.DOCX