UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAPITOL INDEMNITY CORPORATION, | ) ) ) ) | Case No. 1:14 CV 822 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| FIRST OHIO BANC & LENDING INC., et al., | ) ) ) | |
| Defendants. | ) | **ORDER** |

This Court granted summary judgment on the merits in favor of Defendants Erin and Kirk Doskocil, denied Plaintiff's cross motion for summary judgment, and dismissed the matter in its entirety as to the two named defendants. The matter remained pending, however, as to Defendant First Ohio Banc & Lending ("First Ohio"), who appears to have executed a waiver of service on May 27, 2014, but never appeared or participated in this matter. Plaintiff previously sought and received an entry of default as to First Ohio, and filed a Motion for Default Judgment (Doc. #6) as to that party, which was denied on July 9, 2015 by Judge Wells, who was originally assigned the case herein. The stated reasons for denying the motion at that time were the court's "preferred practice" in multi-defendant cases "to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants" and the absence of a basis to find under Civ. R. 54(b) that there was no just reason for delay. (Non Document Order July 9,

2015, citing *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, *3 (6th Cir. 1988).)

In *Kimberly* the Sixth Circuit cited a principle originally articulated by the United States Supreme Court in *Frow v. De La Vega*, 82 U.S. 552, 21 L.Ed. 60 (1872):

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and . . . proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* at 554. At this time, although First Ohio is in default and did not respond to this Court's show cause order, applying the United States Supreme Court's decision in *Frow* and in accord with this Court's decision granting summary judgment in favor of First Ohio's co-defendants (Doc. # 33), the matter is hereby DISMISSED as to First Ohio, in its entirety.

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: December 22, 2016